UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-80-DRL-SJF |
| ROBERT MEHL, DANIEL ALTMAN, NANCY MARTHAKIS, and WEXFORD OF INDIANA, LLC, | |
| Defendants. | |

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed an amended complaint "raising claims about glass in right foot dating back to 2018[.]" ECF 12 at 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Ybarra acknowledges this is not the first time he has raised these claims. ECF 12 at 12. In *Ybarra v. Wexford*, 3:18-cv-404 DRL-MGG (N.D. Ind. filed May 30, 2018), he sued Wexford and Dr. Marthakis for denying him constitutionally adequate medical treatment for glass in his right foot. That case was decided on the merits, and judgment was entered on May 25, 2021. More than a year later, Mr. Ybarra filed a Rule 60(b) motion

asking to amend the judgment based on fraud. That motion was denied on August 22, 2022. Then he filed this lawsuit based on the same legal theory.

"The doctrine of *res judicata*, or claim preclusion, 'protects the finality' of a judgment and 'prevents parties from undermining it by attempting to relitigate the claim.'" *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016) (citing *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011)). There are several requirements for *res judicata* (or claim preclusion) to apply: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Hwy. J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002)).

*Res judicata* bars the claims against Wexford and Dr. Marthakis. The parties are the same, and a final judgment was entered on the merits in the prior lawsuit. The claims are the same because they emerge "from the same core of operative facts as that earlier action" and have sufficient "identity" with the previously litigated matter. *Hwy. J Citizens Group*, 456 F.3d at 741 (citation omitted). Because the requirements are met:

> *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Id*. (cleaned up). Because it is legally frivolous to sue on claims that are precluded, the claims against Dr. Marthakis and Wexford will be dismissed.

As for the claims against Doctors Mehl and Altman, they are untimely. The role of each of these doctors was discussed by the court in Mr. Ybarra's prior lawsuit:

> On February 26, 2017, an x-ray was taken of Mr. Ybarra's right foot after he complained that there were shards of glass in his foot. The x-ray was reviewed by radiologist Dr. Robert Mehl of Meridian Radiology, who determined that the x-ray images did not demonstrate any fractures, dislocations, or abnormalities in Mr. Ybarra's foot.

3:18-cv-404, ECF 187 at 2 (citations omitted).

> On June 30, 2018, radiologist Dr. Daniel Altman with Meridian Radiology reviewed a second x-ray of Mr. Ybarra's right foot. Dr. Altman concluded that the second x-ray showed no evidence of any foreign object in Mr. Ybarra's foot.

*Id.* at 5-6 (citations omitted).

"Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotations and citation omitted). Here, equitable tolling is inapplicable because Mr. Ybarra knew he had glass in his foot when each of these x-rays were taken and nothing prevented him from suing these doctors when he sued Dr. Marthakis and Wexford. Mr. Ybarra even argued in the prior case that Doctors Mehl and Altman had not properly read his x-rays, but he did not present any evidence in support of that argument. So the court explained:

> Although Mr. Ybarra states that the x-ray images "clearly show" two foreign bodies, he has not provided any evidence to contradict the

3

> radiologists' conclusions that both x-rays came back negative. ECF 152 at 3. The court acknowledges that the x-ray images show two faint spots near the arch of Mr. Ybarra's foot, but there is no evidence that these spots indicate a foreign body or abnormality. Two independent radiologists unaffiliated with the defendants concluded that the images showed no foreign objects in Mr. Ybarra's foot.

3:18-cv-404, ECF 187 at 12. Mr. Ybarra had the chance to sue these defendants many years ago when he claimed to have evidence that they had improperly read his x-rays. He cannot now qualify for equitable tolling to raise these claims late.

Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Because it is legally frivolous to bring a claim after the statute of limitations has long since expired, the claims against Doctors Mehl and Altman will be dismissed.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Mr. Ybarra has already filed an amended complaint, and it would be futile for him to amend again.

For these reasons, this case is DISMISSED as legally frivolous under 28 U.S.C. § 1915A.

SO ORDERED.

March 21, 2025                               *s/ Damon R. Leichty*
                                             Judge, United States District Court